## MURDOCK, Admr. *v.* HICKS.

### *Evidence.   Variance.*

In debt on recognizance on appeal, the declaration alleged that defendant, "Daniel J. Hicks, *under and by the name of Joseph Hicks,* as bail and surety," &c., became recognizanced.   It appeared by the justice's record that *Joseph Hicks* was the recognizor; and plaintiff was pérmitted to show by parol that defendant in fact appeared before the justice to recognize, but that the justice entered the name of defendant's brother Joseph by mistake.   *Held,* that the evidence did not tend to support the allegation in the declaration, as it did not tend to show that defendant, *under and by the name of Joseph Hicks,* became recognized, but that he recognized under and by his own name.

DEBT on recognizance taken on appeal from a judgment of a justice of the peace.   Plea, *nul tiel record,* and trial by the court at the April Term, 1876, Ross, J., presiding.

The declaration alleged that the defendant, "Daniel J. Hicks, under and by the name of Joseph Hicks, as bail and surety," &c., acknowledged himself bound in a recognizance, &c.   The plaintiff introduced in evidence a certified copy of the justice's record upon which the name of Joseph Hicks appeared as that of the recognizor.   The plaintiff then called the justice, and offered by him to show that upon rendition of judgment and appeal therefrom, he entered as the name of the recognizor the name of Joseph Hicks, brother of the defendant, instead of that of the defendant, by mistake, supposing it to be the name of the one who really appeared to recognize.   The plaintiff also introduced his counsel as a witness, and offered to show by him that upon trial of this case before the justice, the defendant testified that he was the person who appeared before the justice and entered into the recognizance.   To the admission of such testimony the defendant objected, but it was admitted; to which the defendant excepted. It was not pretended that any fraud was practiced upon the justice, but only that he was mistaken.   The court found that the defendant was the person who entered into the recognizance, and

rendered judgment for the plaintiff; to which the defendant excepted.

*H. W. Brigham*, for the defendant.

The allegation of the declaration should correspond with the record. Any variance would be fatal under the plea of *nul tiel record*. 1 Chit. Pl. 370 ; 2 Ib. 472 ; *Brackett* v. *McLeran*, 23 Vt. 90 ; *Green* v. *Ovington & Bleecker*, 16 Johns. 55.

The plea of *nul tiel record* forms an issue for the court to decide on the inspection of the record. *Wright* v. *Fletcher*, 12 Vt. 431 ; *Barnard* v. *Flanders*, 12 Vt. 657.

It is settled that justice records are conclusive of all the facts therein stated, and that parol evidence will not be admitted to vary, alter, or contradict them. Thus the court erred in receiving parol evidence to show who in fact recognized. *Walker* v. *Briggs*, 11 Vt. 84 ; *Barnard* v. *Flanders*, 12 Vt. 657 ; *Beech* v. *Rich,* 13 Vt. 595 *; Nye* v. *Kellam*, 18 Vt. 594 ; *Pike* v. *Hill*, 15 Vt. 183 ; *Eastman & Paige* v. *Waterman*, 26 Vt. 494 ; *White* v. *Hawn*, 5 Johns. 351 ; *Halcomb* v. *Cornish*, 8 Conn. 375 ; *The Judge of Probate* v. *Briggs*, 3 N. H. 309.

If Joseph Hicks had been sued upon the recognizance he would be estopped from showing by parol that he never appeared before the justice and recognized. *Beech* v. *Rich*, 13 Vt. 595. If so, then the plaintiff is concluded.

*A. A. Butterfield (K. Haskins* with him), for the plaintiff.

The parol evidence offered and received had no tendency to alter, contradict, vary, control or affect the purpose of the recognizance, or its legal and legitimate operation and effect as such. The pleadings put in issue the identity of the defendant with the Joseph Hicks named in the record of recognizance ; and parol evidence to establish that fact was clearly admissible. 1 Greenl. Ev. ss. 289, 493 ; *Boyden, Jr.* v. *Hastings,* 17 Pick. 200 ; *Root* v. *Fellowes*, 6 Cush. 29 ; *Wood* v. *LeBaron*, 8 Cush. 471 ; *Stevens* v. *Elizee*, 3 Campb. 256. The same rule of evidence prevails in this state. *Beach* v. *Packard*, 10 Vt. 96 ; *Newcomb* v. *Peck*, 17 Vt. 302 ; *Perkins* v. *Walker*, 19 Vt. 144 ; *While* v. *Miller*, 22

52

Vt. 380 ; *Harwood* v. *Estate of Harwood*, 22 Vt. 507 ; *Blood* v. *Crandall*, 28 Vt. 396-; *Bogue* v. *Bigelow*, 29 Vt. 179.   *Moss* v. *Hinds*, 29 Vt. 188 ; *Chase* v. *School Dist.* 47 Vt. 524.

The amended declaration sufficiently alleges the identity of Joseph Hicks with the defendant to raise the issue by which the evidence became material.   *Newcomb* v. *Peck*, 17 Vt. 302 ; *Blood* v. *Crandall*, 28 Vt. 396 ; *Boyden, Jr.* v. *Hastings*, 17 Pick. 200 ; *Root* v. *Fellowes*, 6 Cush. 29.

The opinion of the court was delivered by

ROYCE, J.   The plea of *nul tiel record* put in issue the fact of the existence of any such record as the plaintiff has described in his declaration.   Ordinarily, under this plea, the fact in issue is to be proved by an inspection of the record, which when produced did not support a material allegation of description in the declaration. The allegation was, " that the defendant, under and by the name of Joseph Hicks, became bail and surety for the appeal."   The parol evidence that plaintiff was permitted to introduce, had a tendency to show that Daniel Hicks, by his own name, was the party who became bail and surety for the appeal ; and the evidence had no tendency to show that he became such bail and surety under and by the name of Joseph Hicks.   The most that could be claimed from that evidence was, that Daniel Hicks, in his own proper person and name, was the party who became bail, and that the justice by mistake used the name of Joseph Hicks instead of Daniel.   The plaintiff could not legally prove any material fact that was not alleged in his declaration ; and he could only recover upon proof of such material facts as were alleged. The parol evidence had no tendency to prove any material fact as alleged in the declaration, and, we think, was inadmissible.

Judgment reversed, and cause remanded.